## MANLEY A. HUBBELL *v.* COMMISSION

Manley A. Hubbell appeared *in propria persona.*

Donald C. Seymour, Assistant Attorney General, represented the defendant.

Decision for defendant rendered June 27, 1969.

EDWARD H. HOWELL, Judge.

The sole issue involved in this case is whether the plaintiff was domiciled in the State of Alabama during the tax years 1965 and 1966. The tax commission found that the plaintiff had not established a new domicile in the State of Alabama and assessed income tax deficiencies against the plaintiff.

From the time of the plaintiff's discharge from the United States Navy in 1960 he resided and worked in Oregon until 1965. In 1965 the plaintiff, an em-

ployee of Progress Electronics, went to Mobile, Alabama, to work on a project which the company had in that city. The plaintiff worked in Mobile until sometime in 1966 when he went to Denver, Colorado, for a short time to visit his sister, back to Alabama, to New Mexico to visit his brother, to the State of Washington for a few days and returned to the State of Oregon where he has remained.

■ In order for the plaintiff to have acquired a domicile in Alabama he must have intended to abandon his Oregon domicile and establish a fixed habitation in Alabama with the intention to remain there permanently and indefinitely. *In re Noyes Estate,* 182 Or 1, 14, 185 P2d 555 (1947).

The plaintiff testified that he closed his checking account in Oregon prior to leaving for Mobile, Alabama, and that he opened a checking account in Mobile upon his arrival in that city. He did not register to vote in Alabama, did not purchase any property, secured no drivers' license. He did secure an Alabama library card but did not do any other acts evidencing an intent to establish a domicile.

■■ The plaintiff has failed to sustain the burden of proving that he abandoned his Oregon domicile and acquired a new domicile in the State of Alabama. The evidence clearly supports the tax commission's conclusion that the plaintiff did not lose his domicile in Oregon. His work in Alabama was purely temporary and upon completion the plaintiff returned to his home in Oregon. The plaintiff's situation is no different than that of other Progress Electronic employees who were sent to Alabama by the company to work on the same project.

The order of the tax commission is sustained.